Case 2:21-cv-00095   Document 29   Filed on 08/26/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BONIFACIO BENAVIDES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00095 |
| § | |
| ANDREW SAUL, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' briefs, construed as cross-motions for summary judgment (M&R, D.E. 21, 26). On August 4, 2022, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 27), recommending that Plaintiff's motion be denied, the Commissioner's motion be granted, and the Commissioner's determination be affirmed. Plaintiff timely filed his objections (D.E. 28) on August 18, 2022.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R),

*overruled on other grounds, Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff essentially states two objections. First, he objects that the Magistrate Judge's analysis improperly accepts the ALJ's conclusions on the persuasiveness of medical opinions at face value, disregarding the requirement that the ALJ articulate underlying factors for his conclusions. Second, he objects that the Magistrate Judge accepted the analysis of PA Bingham's opinion even though the ALJ did not specifically review the residual functional capacity (RFC) determination of Humpal Physical Therapy. The Court considers each in turn.

### A. Articulation of Supportability and Consistency Factors

Social security regulations require the ALJ to articulate the evidentiary analysis underlying the supportability and consistency factors used to determine whether a medical opinion is persuasive. *See* 20 C.F.R. § 404.1520c. Plaintiff complains that the ALJ did not adequately articulate those factors underlying his conclusions regarding the medical opinions of the State agency psychological and medical consultants and PA Bingham. Therefore, he argues, the Magistrate Judge erred in accepting those findings in his substantial evidence review.

Both the Magistrate Judge and Plaintiff cite *Luckett v. Kijakazi*, No. 4:20-CV-04002, 2021 WL 5545233 (S.D. Tex. Nov. 26, 2021) with respect to the standard to be applied in the course of a substantial evidence review addressing error in the ALJ's articulation of factors. Borrowing from sister courts in Mississippi, the Houston Magistrate Judge in *Luckett* held that the question is whether there is sufficient indication in the record to facilitate a meaningful review. The connection between the evidence of record and the persuasiveness conclusion must be supported by a discernable "logic bridge" as opposed to being speculative. *Id*. at *4 (citing *Cooley v. Comm'r of Soc. Sec*., No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (final Memorandum and Order) and *Pearson v. Comm'r of Soc. Sec*., No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (Memorandum and Recommendations adopted, 2021 WL 3663073 (S.D. Miss. August 18, 2021)).

In *Luckett*, "The ALJ rejected the[] [medical] findings, however, explaining that Dr. Najam's 'opinion is extreme and is not found to be persuasive or supported by the evidence as a whole.'" *Id*. at *3. The courts appear to be consistent in finding that a summarily global explanation such as this is insufficiently articulate. *See also Pearson*, at *6; *Cooley*, at *7. At the same time, Magistrate Judge Libby observed that the Fifth Circuit does not require any "magic words" in an ALJ's explanation of his findings and conclusions. D.E. 27, p. 12 n.10 (citing *Ranson v. Comm'r of Soc. Sec*., No. 4:21-cv-157-JMV, 2022 WL 2438840, at *4 (N.D. Miss. July 5, 2022) (citing *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir.

2021))).  Thus, the Court does not require that the ALJ use the terms "supportability" or "consistency" in his opinion, although he does so in some instances.

Magistrate Judge Libby explained in detail not only the record evidence, but the reasoning articulated and applied by the ALJ in reaching his conclusions, which addressed both supportability and consistency of the medical opinions.  *See* D.E. 27, pp. 14-17.  As the Magistrate Judge found, the ALJ went through all of the evidence and explained that he accepted that Plaintiff exhibited certain maladies (the medical findings were supportable) but that the disability conclusions were out of sync with Plaintiff's objective presentation, refusal of—or noncooperation with—prescribed treatment, and admitted activities (the evidence is inconsistent).  The Magistrate Judge concluded that the ALJ's decision was sufficiently articulated—such that he did not have to speculate on its basis—and that it was supported by substantial evidence.

The Court has reviewed the ALJ's decision (D.E. 14-3, pp. 10-23).  The Court **FINDS** that the Magistrate Judge's analysis regarding the ALJ's detailed reasoning and discussion of supportability and consistency factors is appropriate under the standard of review.  *See e.g.*, D.E. 14-3, p. 16 (the objective findings fail to support Plaintiff's subjective complaints); pp. 16-21 (describing how the medical records reflect health issues, but that Plaintiff's response to treatment and his admitted activities show that any disability relating to those health problems is limited); pp. 19-20 (specifically summarizing, in a shorthand version, the evidence that makes PA Bingham's decision inconsistent and

unsupportable); p. 22 (specifically summarizing, in a shorthand version, the evidence that makes the State agency opinions inconsistent and unsupportable).

Plaintiff's complaint goes to form rather than substance. He does not demonstrate that the ALJ's conclusions do not withstand a substantial evidence review. Instead, his argument would require the Court to intentionally disregard multiple pages of the ALJ's decision and remand for a better articulation—one that used the terms "supportability" and "consistency." Such "magic words" are not required. Because the Magistrate Judge applied the proper standard to the ALJ's level of articulation of the supportability and consistency of the medical opinions in the record, the first objection is **OVERRULED**.

### B. Reference to Physical Therapy Records

Plaintiff complains that PA Bingham references an RFC determination made by Humpal Physical Therapy in his report. D.E. 14-15, p. 50. In contrast, the ALJ recited only that PA Bingham reviewed records from Six Points Physical Therapy. D.E. 14-3, p. 20. Thus, Plaintiff apparently faults the ALJ for not properly evaluating PA Bingham's medical opinion as supported by the Humpal Physical Therapy RFC determination.

This argument overlooks the ALJ's comment that statements of inability to work or ability to return to certain types of work are reserved to the Commissioner and are not persuasive. D.E. 14-3, p. 20. Plaintiff has not offered any authority for placing an RFC determination in the hands of anyone other than the Commissioner. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for summary judgment (D.E. 21) is **DENIED** and the Commissioner's motion for summary judgment (D.E. 26) is **GRANTED.** The decision of the Commissioner is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED on August 26, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE